KANSAS CITY SOUTHERN RAILWAY COMPANY v. HARRIS.

Opinion delivered November 18, 1912.

1. RAILROAD—DAMAGE BY FIRE—EVIDENCE.—In an action against a railroad company for injury to property by fire alleged to have been caused by defendant's locomotive, the question of defendant's liability was properly left to the jury if all the facts and circumstances fairly warrant the jury in finding that the fire did not originate from any other cause than that alleged in the complaint. (Page 377.)

2. SAME—DAMAGE BY FIRE—CONTRIBUTORY NEGLIGENCE.—Under the act of April 2, 1907, making railroads liable for damages caused by fires set out by their locomotives, contributory negligence of the owner, short of an act so grossly negligent as to amount to fraud, is no defense. (Page 379.)

Appeal from Polk Circuit Court; *Daniel Hon*, Judge on exchange; affirmed.

*Read & McDonough,* for appellant.

1. There is no evidence in the cause that warrants the submission of the case to the jury. Before appellee can recover under the act of 1907, it must appear that the fire originated from the operation of defendant's trains. 97 Ark. 287. The evidence is not sufficient to show any connection between the fire which sprung up between 6 o'clock and 7 o'clock (which was completely extinguished by the witness Williams) and the fire which destroyed plaintiff's property at 2 o'clock the next morning. 42 Pac. 602; 100 S. W. 504; 71·S. W. 1073; 83 N. W. 137; 79 N. W. 1032; 75 N. W. 1114; 47 N. E. 691; 33 S. E. 917; 29 S. E. 213; 121 Fed. 924; 100 N. W. 207; 79 N. W. 310; 55 S. E. 270; 110 N. W. 561; 86 Pac. 1010; 29 Pac. 664; 32 Pac. 345; 101 S. W. 636; 149 Mich. 400; 89 Ark. 274; 110 N. W. 561.

2. The court was requested to charge the jury, in substance, that, if plaintiff was negligent in not putting out the fire after discovering it, he could not recover, and erred in refusing such charge. This court's holding in the Evins case, 147 S. W. 452, to the effect that contributory negligence was not a defense in cases brought to recover damages resulting from fires set out by the operation of railroad locomotives, is not supported by the weight of authority. 3 Elliott on Railroads, § 1238; Thompson on Negligence, § 751; 55 So. 871; 38 Ark. 357; 49 Ark. 535.

In the Evins case, *supra,* the court held that "any fraud, any intentional exposure of property, any act of the owner which would have the effect to avoid a fire policy, should have the same effect in cases of this description." Under this holding the above requested charge should have been given. 19 Cyc., § 831, and cases cited; 95 Wis. 265; 57 Mass. 321; 29 Fed. Cases, 1384.

*W. M. Pipkin,* and *Hill, Brizzolara & Fitzhugh,* for appellee.

1. A mere statement of the evidence is sufficient reply to appellant's contention that there is not sufficient testimony to sustain the verdict. The fire was first seen in the old tramway a few minutes after the train had passed, emitting sparks which, the testimony shows, were falling at the identical point where the fire was discovered. Any other con-

clusion than that the fire originally started in the old tram, and had been fanned into fresh life, after the attempts to extinguish it, by the strong wind of the night and carried into the lumber piles, could hardly be reached by reasonable men.

The testimony was largely circumstantial; but, if the circumstances were such as a jury might reasonably infer that the fire came from the old tramway, appellee's case is made out.   58 Cal. 434; 2 Am. Dec. 91; 77 Ark. 434, 436; 59 Ark. 317; 76 Ark. 132; 101 S. W. 636; 13 Am. & Eng. Enc. of L. 510, 512; 62 Ia. 593; 3 Elliott on Railroads, § 1243; 126 Ind. 229; 131 Ind. 30; 19 L. R. A. (N. S.) 742; 12 *Id.* 526; 5 *Id.* 99; 2 Thompson's Com. on Negligence, 2291, and authorities cited; *Id.* § 2295.

2.   There was no testimony whatever that appellee or his servants were guilty of contributory negligence.   Moreover, contributory negligence is an affirmative defense which must be pleaded to be available, and appellant failed to plead it.   72 Ark. 23; 90 Ark. 64.

The Evins case, 147 S. W. 452, is conclusive against appellant's contention, and is in harmony with the construction placed on similar statutes.   3 Elliott on Railroads, § 1238; 2 Thompson's Com. on Negligence, §§ 2337 to 2350.

*Read & McDonough,* for appellant in reply.

Regardless of allegations of the answer, the record is clear that contributory negligence was made an issue in the lower court.   Both parties so regarded it, introduced testimony directed to that issue, and requested instructions upon the same issue.   64 Ark. 305; 71 Ark. 242; 74 Ark. 615; 72 Ark. 47; 75 Ark. 571; *Id.* 312; 76 Ark. 391; 35 Ark. 109.

WOOD, J.   This suit was brought by appellee against appellant to recover damages for the alleged destruction of certain lumber and other property which appellee alleged in his complaint was destroyed by fire from one of appellent's engines while the same was being operated on appellant's railroad in Polk County, Arkansas, on April 19, 1910.

The answer denied all the material allegations of the complaint.   There was no specific plea of contributory negligence. Verdict and judgment were in favor of the appellee in the sum of $1,102.80, from which this appeal has been duly prosecuted.

The testimony stated most strongly in favor of the appellee is substantially as follows:

Appellant's freight train passed Eagleton going north about 6 o'clock in the afternoon. At that point there was an up-grade to the track, and it was a heavy train. Sparks and fire were emitted from the smoke stack and were falling in an old tramway between fifty and one hundred feet from the railroad track. A short time after the train passed fire was discovered in the tramway. There had been no other fire anywhere in the vicinity for several days. The planing mill had not been running. A witness attempted to extinguish the fire in the old tramway but was unsuccessful. The fire was burning in trash and old rotten wood, and other debris. About a half hour after the first attempt to put out the fire the witness returned to the spot and found fire at the identical place where he first attempted to extinguish it, and by that time it had covered an area of ten or twelve feet. In his second attempt to extinguish the fire he scattered the same, pouring water on it, and thought that he had put it out.

Witness testified that when fire gets started in trash and rotten wood it is difficult not only to put it out, but almost impossible to tell when it has been extinguished. In such debris as that described fire will smoulder for hours at a time, and then kindle up and spread. At a later hour in the night, left uncertain in the testimony, probably between 12 and 2 o'clock, the alarm of fire was again given, and witnesses who had seen the fire earlier in the evening, and others, went to the scene. The old tramway was burning at this later time, and a large part of the same had been consumed. At that time large coals and sparks were being carried from the old tramway across the road into the lumber piles and a new tramway. The wind was blowing from the direction of the old tramway toward the lumber pile. The piles of lumber and other property that were consumed by these fires constituted the loss for which appellee sued and has obtained judgment.

The appellant contends that the above facts are not sufficient to sustain the verdict, and cites many cases where under the circumstances peculiar to these cases it was held that the evidence was insufficient, but each case must necessarily depend upon its own facts, and we are of the opinion

that the above evidence makes it a question for the jury as to whether the fire originated from appellant's engine or from some other cause.    In *St. Louis, I. M. & S. Ry. Co.* v. *Dawson,* 77 Ark. 436, we said:  "It is not required that the evidence should exclude all possibility of another origin or that it be undisputed.   It is sufficient if all the facts and circumstances in evidence fairly warrant the conclusion that the fire did not originate from some other cause."

Applying this doctrine, we are of the opinion that the facts disclosed by the testimony in the record, giving it the strongest probative effect in favor of the appellee, would warrant the jury in finding that the fire could not have originated from any other cause than that alleged in the complaint.

The testimony makes it reasonably certain that the fires discovered at about 6:30 o'clock in the old tramway, and again at 7 o'clock, were caused by appellant's engine.   The witness attempted to put out the first fire, thought the had done so, but after the fire broke out again he saw that he had failed in the first attempt.   On the second attempt to put the fire out he again thought he had done so, and testified as a fact that he had done so.   But the discovery of the fire later in the night, when considered in connection with the evidence tending to show the direction from which the wind was blowing, and the manner in which the fire is shown to have consumed the trash and other combustible material between the old tramway and the new tramway and lumber pile, was sufficient to warrant the jury in finding that the witness was mistaken in saying that he had put out the fire, and sufficient to justify their conclusion that the last fire originated from, and was but a continuation of, the first.

A witness stated that he saw "fire and smoke and sparks going from the old tramway to the new tramway."   Another witness said.   "The fire had started on the edge of the tram where I had seen Mr. Williams first working at it on the north side."   "The fire was spreading across towards the new tramway, it was across and burning in the edge of the tram and stacks of lumber.   The ground was burnt from where I first saw the fire where Williams was putting it out across the road into the tram."

Another witness said, speaking concerning the fire that

he saw about 2 o'clock that night burning in the lumber: "Well, there was quite a bit of fire there in the old tramway; it had burned out the trailway of the old tram."

We are of the opinion that these facts were sufficient to sustain the verdict. There is really no evidence to justify any other conclusion than that the fire was caused in the manner alleged in the complaint; but, even if it could be said that there might have been another origin of the fire, still it would be a question for the jury, because the above facts certainly tended to show that the last fire was caused from the same source as the first.

The appellant contends that the court erred in refusing to instruct the jury that contributory negligence was a defense to this action. This court in a well considered opinion recently rendered construing the act of April 2, 1907, held that under that act, making railroads liable for damages caused by fires set out by their locomotives, contributory negligence of the owner, short of an act so grossly negligent as to amount to fraud, is no defense. *Evins* v. *St. Louis, & S. F. Rd. Co.,* 104 Ark. 79, in addition to authorities there cited; 2 Thompson's Commentaries on Neg., § § 2337 *et seq.,* 2350.

Under this statute, if the owner of property, or those duly authorized to represent him, should stand by and see a fire consume his property which it was within their power with reasonable efforts to prevent, of course, this would be an act of gross negligence, and would be tantamount to fraud that would prevent recovery under the statute. *Denver & R. G. Rd. Co.* v. *Morton,* 3 Col. App. 155, 32 Pac. 345; *Union etc. R. Co.* v. *Williams,* 3 Col. App. 526, 34 Pac. 731. See also *Peter* v. *Chicago, etc. Ry. Co.,* 121 Mich. 324, 80 N. W. 295, 80 Am. St. 500, 46 L. R. A. 224, 226, 228, cited in 3 Elliott on Railroads, § 1238, note 127. But we are of the opinion that the jury were warranted in finding that no such negligence or fraud was committed by the appellee or his servants.

Other objections were urged to rulings of the court for a reversal of the judgment, but we do not find that there was any error in any of the court's rulings.

The judgment is therefore affirmed.