Cairo, Trumann & Southern Railroad Company *v.* Brooks *et al.*

Opinion delivered April 6, 1914.

1. Railroads—fire due to operation of a train—inference.—In an action for damages for loss of property due to fire caused by sparks from a train, where the proof shows that the property near the railroad track was discovered to be on fire shortly after a train had passed, and there was no proof of any other origin of the fire, it may be inferred that the fire was caused by sparks from the locomotive of a passing train. (Page 300.)

2. Railroads—damage by fire—liability—allegation of negligence.—Under Act 141, April 2, Acts of 1907, making a railroad company liable for damages to property set on fire by the operation of its trains, regardless of the negligence of its employees, a recovery may be had under a complaint alleging negligence, although no negligence is proved. (Page 300.)

3. Appeal—delay—penalty.—Where an appeal is taken for delay and without any justification, the Supreme Court will exercise the authority of the statute, and, the judgment of the lower court having been superseded, 10 per cent damages will be awarded for the delay. (Page 301.)

Appeal from Poinsett Circuit Court; *W. J. Driver,* Judge; affirmed.

*George B. Webster,* for appellant.

1. There was no legal evidence to sustain the verdict. The verdict should have been for defendant. Conceding that the occurrence of a fire shortly after the passing of a locomotive may be taken as presumptive evidence that the locomotive set out the fire, the further presumption that it was a case of negligence can not be indulged. 11 Wall. 438; 92 U. S. 281; 100 *Id.* 693; 113 Mo. 570.

2. One presumption can not be built upon another presumption. 10 Ark. 211; 11 *Id.* 212; 77 *Id.* 436; 126 Mo. App. 88.

3. It was error to allow the attorney's fee. 32 Ohio C. C. 91; 53 Oh. St. 23; 165 U. S. 150; 174 *Id.* 96.

*Lamb, Caraway & Wheatley,* for appellee.

1. The evidence shows that the fire was ignited by sparks from the engine and excluded any other possible origin. 76 Ark. 132; 77 *Id.* 434; 89 *Id.* 373; *Ib.* 572; 92 *Id.* 569; 100 *Id.* 569; *Ib.* 207; 104 *Id.* 79; 105 *Id.* 374.

2. The act of 1907 is constitutional. 89 Ark. 572; 17 Sup. Ct. Rep. 243.

3. That part allowing attorney's fees is constitutional. 86 Ark. 115; 19 Sup. Ct. Rep. 609; 174 U. S. 96; 207 *Id.* 73; 156 Ind. 685.

4. The appeal is frivolous and 10 per cent penalty should be allowed.

McCULLOCH, C. J. Separate actions were instituted by appellees against appellant to recover damages on account of destruction by fire of a barn, and personal property situated therein, located near appellant's railroad track, and the two actions were consolidated and tried together, resulting in a verdict in favor of each of appellees for the value of the property destroyed, and also for attorney's fee in each case.

It is alleged in each of the complaints, and the testimony tends to prove, that the fire was communicated to

the barn by a passing engine operated by appellant's employees. The fire occurred in the daytime, and the evidence tends to show that it broke out about ten minutes after a train passed along, that there was a slight upgrade of the track near the barn and that cinders were emitted from the smokestack. The evidence also tends to negative the origin of the fire from other causes.

A statute of this State imposes liability upon railroad companies for damage on account of fire caused by the operation of trains, regardless of the negligence of the employees of the company (Act 141, April 2, 1907), and the constitutionality of that statute has been upheld. *St. Louis & S. F. Rd. Co.* v. *Shore,* 89 Ark. 418.

The statute provides that: ''If the plaintiff recover in such suit or action, he shall also recover a reasonable attorney's fee,'' and that feature of the statute is sustained by decisions of the Supreme Court of the United States. *A. T. & S. F. Ry. Co.* v. *Matthews,* 174 U. S. 96.

This court has held, in a long and unbroken line of decisions that, where property near a railroad track is discovered to be on fire shortly after a train has passed, and the proof does not establish some other origin of the fire, an inference is justified that the fire originated in sparks from the engine of the train. *Railway Co.* v. *Dodd,* 59 Ark. 317; *Kansas City So. Ry. Co.* v. *Harris,* 105 Ark. 374.

In *St. Louis, I. M. & S. Ry. Co.* v. *Dawson,* 77 Ark. 434, we said:

''It is not required that the evidence should exclude all possibility of another origin, or that it be undisputed. It is sufficient if all the facts and circumstances in evidence fairly warrant the conclusion that the fire did not originate from some other cause.''

It is insisted that the judgment in this case can not be sustained without proof of negligence on the part of the appellant, for the reason that the complaint contains an allegation of negligence, and that the action is therefore not based on the statute.

The complaint justifies recovery under the statute notwithstanding the allegations of negligence, for the rights of parties are determined according to the allegations of the complaint and the proof given in support thereof.

The appeal in this case is without justification and was evidently taken for delay. The only issue of fact presented in the case is whether or not the fire was set out by the engine, and it is not even contended in the brief that the proof is not sufficient to warrant a finding in favor of appellees on that issue. Every question of law involved in the case concerning the validity of the statute and as to the right to recover damages and attorney's fees has been settled by decisions of this court and of the Supreme Court of the United States. The case is therefore one which fairly calls for the exercise of the statutory authority of this court to award 10 per cent damages for delay, the judgment of the lower court having been superseded. The judgment is therefore affirmed and a penalty of 10 per centum damages is awarded.