UNION SEED & FERTILIZER COMPANY *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RY. Co.

Opinion delivered January 3, 1916.

1. NEGLIGENCE—DAMAGE BY FIRE—EVIDENCE OF CAUSES.—In an action for damages against a railroad company for a loss growing out of the destruction of plaintiff's property by fire, where there was evidence that the fire was caused by sparks from one of defendant's engines, evidence is also admissible that a man was seen smoking in defendant's building, the same containing inflammable material, the evening before the fire.

2. RAILROADS—DAMAGE BY FIRE—CONTRIBUTORY NEGLIGENCE.—Under Act 141, Acts 1907, an absolute liability is imposed upon railroad companies for damage on account of fire caused by the operation of trains, regardless of the negligence of the employees of the company, and in an action based on that statute, it is improper for the court to charge the jury upon the question of contributory negligence.

3. RAILROADS—DAMAGE BY FIRE—ORIGIN OF FIRE—PRESUMPTION AND INFERENCE.—Where plaintiff's property, adjacent to defendant's railroad right-of-way, was destroyed by fire, it was improper for the court to charge the jury that no presumption arises that the fire originated from one of defendant's engines or trains merely from

the fact that the fire occurred soon after an engine or train passed the point, but that the burden is upon the plaintiff to establish the fact that the engine actually set out the fire as alleged.

Appeal from Sebastian Circuit Court; *Paul Little*, Judge; reversed.

*Ben Cravens*, for appellant.

Testimony that persons loading linters about 4 o'clock in the afternoon of the day before the fire were smoking in the lint room, was not competent; it was too remote. - The court erred in giving instruction No. 7 for defendant and in refusing No. 3 for plaintiff.   28 So. 438; 56 N. E. 769; 24 S. W. 591; 104 Ill. App. 615; 51 Fed. 658; 22 So. 897; 44 Am. 337; 40 *Id.* 734; 44 S. W. 802; 55 N. W. 717; 104 Ark. 88; 105 *Id.* 379; 63 Ark. 177, 563; 67 *Id.* 147; 69 *Id.* 489; 72 *Id.* 440; 74 *Id.* 19; 78 *Id.* 553; 88 *Id.* 26; 70 *Id.* 441; 76 *Id.* 599; 77 *Id.* 20.   The court erred also in refusing to give No. 6 requested by plaintiff.   Any fraud or internal exposure of property, or any act of the owner which would have the effect to avoid a fire policy, should have the same effect in cases like this.   105 Ark. 379.   No. 4 invaded the province of the jury.   95 Ark. 480.

Judges shall not charge juries in regard to matters of fact.   *   *   *   Kirby's Dig., § 23; 49 Ark. 439.   It is erroneous by declaring that no presumption is to be drawn by the jury.   59 Ark. 325; 76 *Id.* 134; 77 *Id.* 436; 89 *Id.* 273; 92 *Id.* 569; 97 *Id.* 54; 112 *Id.* 298.

*Thos. B. Pryor*, for appellee.

If the giving of instruction 7 was error it was invited error.   A party can not complain of the giving of an erroneous instruction where he asked such an instruction which the court refused.   44 Ark. L. Rep. 534; 88 Ark. 557; 89 *Id.* 154; 78 *Id.* 381; 63 *Id.* 387; 67 *Id.* 531.   The error is waived.   88 *Id.* 172, 138; 93 *Id.* 472; 82 *Id.* 105; 74 *Id.* 72.

No presumption of negligence could arise from the mere fact that the fire occurred shortly after a train passed.   This is not like the case in 112 Ark. 298.   As to "presumption" and "inference" there is a distinction

between the words. 72 N. Y. Supp. 415; 141 Ind. 533; 91 Tex. 574; 132 N. C. 582; 57 Mo. App. 259; 18 N. J. 339; 112 Ark. 300. Where property near a railroad track is on fire shortly after a train passes and the proof does not establish some other origin of the fire, an *inference* is justified that the fire originated in sparks from the engine of the train. This merely means that the jury, after hearing the evidence is justified in inferring as to how the fire originated. 59 Ark. 317; 105 *Id.* 374; 112 *Id.* 300; 99 Ark. 229; etc. The objection to the charge was general. 89 Ark. 574.

SMITH, J. The insurance company which is one of the appellants herein, paid a loss sustained under a fire insurance policy written by it in favor of the Union Seed & Fertilizer Company, which last named company transferred and assigned all its right and interest in and to the cause of action here sued on, arising out of the alleged act of the appellee railroad company in setting out the fire which occasioned the loss. Suits were brought by both the fertilizer company and by the insurance company, but these suits were consolidated at the trial below. The proof tended to show that the fertilizer company owned a warehouse situated near the tracks of the railroad company in Fort Smith, and that on April 17, 1914, the building and its contents were damaged by fire set out by the operation of one of the railroad company's engines going eastward along and near said property. At the time of the fire there were 644 bales of cotton stored in the warehouse, and a witness on behalf of appellants testified that he was standing in the mill just opposite the warehouse looking at the train as it passed, and within two or three minutes thereafter he looked towards the warehouse, and saw grass on fire and burning towards the lint house, and that he attempted to extinguish the fire but failed to do so, and the fire was drawn through certain vent holes and in a very short time the whole building was in flames. A locomotive engineer testified that a train going down a grade like the one by the warehouse in question would work hard enough to pull

sparks through the smoke stacks and that cinders would be thrown out in quantities sufficient to set dry grass or other inflammable substance afire.    There was other evidence corroborating these witnesses.    Indeed, appellants contend that the undisputed proof shows that the fire was started by the locomotive.

The railroad company alleged that the fire was caused by the gross negligence of the fertilizer company in that bales of linters being of a highly inflammable character, were placed immediately against the inside walls of the building, which building was located on property adjacent to appellee's right-of-way and to its own oil mill plant and in the immediate vicinity of other plants using both coal and wood as fuel, and that said building was old and dilapidated and had large cracks and holes in the walls and the doors of the building were never locked, and the building was open to all persons who cared to enter, and that there was a cinder pit where cinders and fire was dumped near the warehouse, and that lint cotton was scattered in and about said building and upon the ground adjacent thereto, and that inflammable grass and vegetation had been permitted to grow around said building, and that the servants of the fertilizer company were careless in the use of fire.

Proof was offered in support of the various allegations of the answer, but among other matters complained of was the action of the court in permitting witnesses to testify that persons were permitted to smoke about the building or, in any event, did so, and that a man was seen smoking a cigarette in the building the evening before the fire, it being insisted that this occurred fifteen hours before the fire and could not, therefore have been responsible for its origin.

It is also urged, as ground for reversal, that error was committed in instructing the jury upon the subject of contributory negligence, and upon the subject of gross negligence, and also that error was committed in giving instruction numbered 4, which reads as follows:

"4.    The court instructs you that no presumption arises that the fire originated from one of defendant's

engines or trains merely from the fact that said fire occurred soon after said engine or train passed said point, but the burden of proof is upon the plaintiff to establish the fact that the engine actually set out the fire as alleged."

(1)   We think no error was committed in permitting the introduction of the evidence in regard to smoking about the building.  It is true that according to appellants' evidence the fire was caused by the sparks thrown out by the engine; but the appellee had the right to have the jury pass upon the truthfulness of this evidence. Nor can we say that it was physically impossible for the fire to have smouldered after having been set out by some smoker.

(2)   The court should not have charged the jury upon the question of contributory negligence for the reason that under Act No. 141, approved April 2, 1907, an absolute liability is imposed upon railroad companies for damage on account of fire caused by the operation of trains regardless of the negligence of the employees of the company.  See *Cairo, Trumann & Southern R. R. Co. v. Brooks,* 112 Ark. 298, and cases cited.  Appellants, however, asked, and the court gave, at their request, an instruction on this subject, and they are not in position, therefore, to complain of the action of the court in giving an instruction on this subject asked by appellee.  The instruction on this subject complained of, given at the request of appellee, reads as follows:

"7.   The court instructs you that while under the law ordinary contributory negligence is not a defense to the action, yet, if the owner of the property is guilty of acts so grossly negligent as to amount to a fraud, it would bar the owner's right to recover.  And, as the plaintiff in this case is only subrogated to the rights of the owner, it would also bar the plaintiff's right to recover."

An additional objection urged to this instruction is that it submits to the jury the question whether appellants were guilty of negligence so gross as to amount to

fraud, it being insisted that this was an abstract question, inasmuch as the undisputed proof shows that appellee was responsible for the fire and that appellants were not guilty of such gross negligence as amounted to fraud. But, as has been stated, we can not say that this proof is undisputed, nor can we say that there was no sufficient evidence to warrant the submission of the question of the existence of such gross negligence as amounted to fraud. And that such negligence, if it exists, is a defense was decided by this court in the case of *K. C. So. Ry. Co.* v. *Harris,* 105 Ark. 374.

(3) It is finally insisted that the giving of instruction numbered 4, set out above, was error calling for the reversal of the judgment. And we agree with counsel in this respect.

It is insisted by learned counsel for appellee that the instruction is a correct declaration of the law, that while the jury might infer that the fire originated from the passing train, there is no presumption to the effect. In common parlance, the words "presumption" and "inference" are used interchangeably, and there is nothing in this record to indicate that they were not so used and understood in the instruction complained of. But as no special objection was made to this instruction it must be assumed that it was used in its strict legal sense, and when so considered it must be conceded that while the jury might infer from the circumstances in proof that the fire was set out by the train, there was no presumption to that effect. But although this is true, the instruction should not have been given. It would not have been proper to have inserted the word "inference" for the word "presumption," because it has been several times held that where property near a railroad track is discovered to be on fire shortly after a train has passed, and the proof does not establish some other origin of the fire, the inference is justified that the fire originated in sparks from the engine of the train. See *C. T. & S. R. R. Co.* v. *Brooks, supra,* and cases there cited. Nor would it have been proper to have remodeled the instruction so

as to tell the jury that, while there was no presumption, there could be an inference. The jury had the right to draw this inference, but that was a question for the jury, and not for the court. An instruction to the jury that they might draw that inference would have contravened the rule that courts shall not charge upon the weight of evidence. Accordingly, we conclude that appellants were required to make only a general objection to the instruction, and that the court erred in giving it.

For the error indicated the judgment will be reversed and the cause remanded.