MEMPHIS, DALLAS & GULF RAILROAD COMPANY *v.* RICHARDSON.

Opinion delivered December 11, 1916.

1. CARRIERS—BURNING COTTON NEAR RIGHT OF WAY—ENGINES OF TWO DEFENDANTS.—Appellant railway company, under contract, used the tracks of the I. M. Ry. Co. at Amity, Ark. Shortly after engines belonging to both companies had been near certain cotton, the same was discovered to be on fire. The owner of the cotton sued both railway companies. *Held*, if the fire was set out by appellant company, then both companies would be liable, but that if the I. M. Co. set out the fire, it alone would be responsible.

2. CARRIERS—BURNING COTTON NEAR RIGHT OF WAY—LIABILITY OF TWO RAILWAY COMPANIES.—Under the facts set out above, *held*, a finding of the jury that the fire was set out by both companies would not be disturbed on appeal.

Appeal from Clark Circuit Court; *Geo. R. Haynie*, Judge; affirmed.

*J. W. Bishop*, for appellant.

The jury did not return a verdict responsive to the issues tried. The trial was nothing less than a mistrial,

as the jury should have disposed of the whole case. The verdict is against the weight of the evidence. 209 Pa. 425; 231 *Id.* 332; 8 Ark. 154. The judgment is final as to the St. Louis, I. M. & So. Ry. Co., but should be reversed as to appellant.

*McMillan & McMillan*, for appellee.

The cotton was discovered on fire shortly after a train passed, and the proof does not establish any other origin of the fire; the inference is that the fire originated from sparks from the engine. 112 Ark. 300; 121 *Id.* 590; 83 *Id.* 94, etc. The judgment should be affirmed as to both companies. 112 Ark. 300.

*E. B. Kinsworthy* and *R. E. Wiley*, for B. F. Bush, Receiver, and the Iron Mountain Railway Company.

The proof shows that the Iron Mountain locomotives did not set the fire, but that the last southbound local passenger did set it.

McCULLOCH, C. J. Appellant, the Memphis, Dallas & Gulf Railway Company, uses the tracks of the St. Louis, Iron Mountain & Southern Railway Company on a branch line of that company, on which the town of Amity is a station. Appellee had a lot of cotton stored on a platform near the track at Amity, and on October 25, 1914, the cotton was destroyed by fire.

It is alleged that the fire was communicated to the cotton by sparks from an engine. Appellee instituted this joint action against both of the companies, alleging that the fire was set out from engines operated by each of the companies. Each of the defendants answered, denying liability, and specifically denying the allegation that the fire was communicated from engines which its servants operated. The St. Louis, Iron Mountain & Southern Railway Company also set forth in its answer a cross-complaint against the appellant, Memphis, Dallas & Gulf Railway Company, in which it alleged that the last named company had executed a contract to hold the Iron Mountain Company harmless from liability for damage done by reason of the oper-

ation of its trains over the tracks of the latter, and a judgment over was asked against the appellant company in the event that it was found that the fire was communicated from the latter's engine.

On the trial of the case before a jury, the plaintiff introduced testimony from which the jury might have inferred that the fire was communicated from engines operated by either one of the defendant companies. A local freight train operated by the Iron Mountain Company came to Amity shortly after 11 o'clock in the forenoon of the day named and remained there doing switching for thirty-five or forty minutes. A passenger train of the Iron Mountain had come in a short time before that and left on its journey. A short time after the Iron Mountain local freight left Amity— about twenty minutes, according to the testimony of the witnesses—the local freight train operated by appellant came into 'the station and stopped for a short while, and about five or ten minutes after this train left the cotton was discovered to be on fire. The testimony was to the effect that the Iron Mountain engine stopped within two feet of the cotton stored on the platform, and that when it pulled out from the station the engine worked steam heavily and emitted sparks. There is proof to the same effect concerning the engine of appellant company, that is to say, that the engine stopped within a few feet of the cotton, and emitted sparks as it began to move away. There was no witness in the case who testified that he saw sparks from either of the engines fall upon the cotton, but there was enough to warrant the jury in drawing the inference that either of the engines emitted the sparks which communicated the fire to the cotton. *Cairo, etc., Ry. Co. v. Brooks,* 112 Ark. 298.

(1) Now the court submitted the case to the jury upon correct instructions, to the effect that if the fire was set out by appellant company, then both companies would be responsible to appellee for the damage, but that if the fire was set out by the Iron Mountain engine that company alone would be responsible for

the damage. At the request of one of the defendants the court submitted to the jury special interrogatories separately inquiring as to which of the engines emitted the sparks which communicated the fire to the cotton. In question No. 2 the jury were asked to state whether or not the fire was set out by a locomotive operated by the St. Louis, Iron Mountain & Southern Railway Company, and to their interrogatory the jury made answer in the affirmative. In question No. 3, the jury were required to state whether or not the fire was set out by a locomotive operated by appellant, and the jury also answered this interrogatory in the affirmative. The court rendered judgment in favor of appellee against both of the defendants, and the appellant has alone prosecuted the appeal.

The only contention made by counsel for appellant is that the verdict is not supported by sufficient evidence, so far as relates to the liability of this appellant, and that the verdict is inconsistent in that it constitutes a finding that the fire was set out by both of the locomotives. We are of the opinion, as before stated, that there is sufficient evidence to warrant the inference that the fire was set out by the locomotive operated by appellant. Witnesses who were near the cotton stated that they saw no smoke arising from the cotton until about five or ten minutes after appellant's train left the station, and that they then saw the blaze, a number of the bales of cotton being on fire then. The inference was also justified that the fire was set out from the engine of the Iron Mountain train, for it was emitting sparks when it left its position near the cotton platform about thirty minutes before the fire was discovered.

(2) We can not say as a matter of law that there is any inconsistency in the verdict, or that the verdict against the appellant is necessarily wrong, because there was also a finding that the fire was set out by the locomotive of the Iron Mountain. The jury might have concluded that the fire was communicated from both of the engines, and we can not say that there is not

testimony sufficient to warrant that inference. If that be true, neither of them can escape liability on the ground that fire was also set out by the locomotive operated by the other, for if that be a sufficient excuse, then both could escape liability on that ground.

We are of the opinion, therefore, that the judgment against appellant ought to be affirmed, and it is so ordered.