## St. Louis & San Francisco Railroad Company v. Shore.

### Opinion delivered March 1, 1909.

1. RAILROADS—LIABILITY FOR FIRES—VALIDITY OF STATUTE.—The act of April 18, 1907, making railroad corporations responsible for all damages caused by fire communicated from its locomotive engines, is not invalid as denying to such corporations due process or the equal protection of law. (Page 420.)

2. STATUTES—VALIDITY—SEPARABILITY OF PROVISIONS.—If the act of. April 18, 1907, making railroad corporations and persons operating railroads liable for damages communicated from locomotives or otherwise in the operation of railroads, be void in so far as it applies to persons operating railroads or to fires not communicated from locomotives, so much of the act could be eliminated and leave the remainder of the act valid. (Page 423.)

3. EVIDENCE—OPINION AS TO VALUE.—A witness who shows himself qualified to testify as to the market value of land used for an orchard may state his opinion thereon based on the estimated yield of the orchard. (Page 423.)

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

*W. F. Evans* and *B. R. Davidson,* for appellant.

1. The statute is void, because,

a. It deprives appellant of its property without due process of law, contrary to art. 2, § 8, Const. Ark. 1874. 39 Ark. 167; 21 Ark. 431; 42 Ark. 529; 51 Ark. 330; 68 Ark. 600-604; 33 Ark. 816; 49 Ark. 190; 68 Ark. 333; 164 U. S. 403.

b. It takes from appellant a valuable privilege which it has bought and paid for, thereby depriving it of its property "without the judgment of its peers or the law of the land," contrary to art. 2, § 21, Const. Ark. And thereby takes private property without due compensation. Art. 2, § 22, Const. Ark.; 15 Ark. 43; 68 Ark. 333; 69 Ark. 102; 94 U. S. 113; 186 U. S. 212-222; 105 U. S. 13.

c. It inflicts an injustice upon appellant, contrary to art. 12, § 6, Const. Ark. It is class legislation, making a railroad company responsible for fire set not only by the running of its trains but also by any employee of the company in the line of his employment while others under like circumstances, as, for example, a farmer burning off his meadow, would not be liable. Art. 2, § 18; art. 5, § 25, Const. Ark.; 24 Ark. 242; 73 Ark. 236; 75 Ark. 542; 165 U. S. 150; 127 Cal. 4; 65 Ala. 119; 44 Atl. 1051; 42 Atl. 973; 89 Tenn. 497-534; 81 Miss. 507.

2. Testimony of various witnesses, based upon the supposed revenue that the orchard ought to produce, and not upon the salable value of the land and orchard, was inadmissible, and

ought to have been excluded. It was mere opinion evidence. 59 Ark. 105; 71 Ark. 302; 76 Ark. 542-49.

*Walker & Walker,* for appellee.

The act is valid. 3 Elliott on Railroads, § § 1222, 1223 and cases cited; 6 Allen (Mass.), 87; 105 Mass. 199; 13 Metc. (Mass.), 99; 16 Gray (Mass.), 71; 145 Mass. 129; 103 Mass. 583; 8 Allen (Mass.), 438; 98 Mass. 414; 41 Ia. 297; 12 Col. 294; 2 Col. App. 42; *Id.* 159; 19 Col. 331; 57 N. H. 132; 121 Mo. 340; 28 S. W. 496; 165 U. S. 1; 149 Mo. 173; art. 12, § 6, art. 6, § 11, Const. Ark.; 174 U. S. 96; 173 U. S. 404; 185 U. S. 308; 189 U. S. 301.

McCULLOCH, C. J. Plaintiffs instituted this action to recover damages to their land and growing fruit orchard, caused by fire alleged to have been communicated from a locomotive operated by the defendant on its railroad. They recovered the sum of $2,500 in the trial below, and defendant appealed to this court.

It is neither alleged nor proved that the defendant was guilty of any negligence in allowing the fire to escape; and the principal question involved in this case is as to the constitutionality of the act approved April 18, 1907, making railroad companies responsible for damage caused by fire. The statute is as follows:

"Hereafter all corporations, companies or persons, engaged in operating any railroad wholly or partly in this State, shall be liable for the destruction of, or injury to, any property, real or personal, which may be caused by fire, or result from any locomotive, engine, machinery, train, car or other thing used upon said railroad, or in the operation thereof, or which may result from, or be caused by any employee, agent or servant of such corporation, company or person upon or in the operation of such railroad, and the owner of any such property, real or personal, which may be destroyed or injured, may recover all such damage to said property by suit in any court, in the county where the damage occurred, having jurisdiction of the amount of such damage it shall not be lawful for the defendant in such suit or action to plead or prove, as a defense thereto, that the fire which caused such injury was not the result of negligence or care-

lessness upon the part of such defendant, its employees, agents or servants; but in all such actions it shall only be necessary for the owner of such property so injured to prove that the fire which caused or resulted in the injury originated or was caused by the operation of such railroad, or resulted from the acts of the employees, agents or servants of such defendant, and if the plaintiff recover in such suit or action he shall also recover a reasonable attorney's fee to be ascertained from the evidence in the case by the court or jury trying the same. Provided, that the penalty prescribed by section one of this act shall apply only when such employee, agent or servant is in the discharge of his duty as such."

All of the objections made to the statute in question are fully answered by the Supreme Court of the United States in the case of *St. Louis & S. F. Ry. Co.* v. *Mathews,* 165 U. S. 1, upholding a similar statute in Missouri, and we need go no further than to cite that case as an expression of our views on the subject. Mr. Justice Gray, in delivering the opinion of the court in that case, after reviewing the authorities on the subject, said:

"This review of the authorities leads us to the following conclusions:

"1. The law of England, from the earliest times, held any one lighting a fire upon his own premises to the strictest accountability for damages caused by its spreading to the property of others.

"2. The earliest statute which declared railroad corporations to be absolutely responsible, independently of negligence, for damages by fire communicated from their locomotive engines to property of others, was passed in Massachusetts in 1840, soon after such engines had become common.

"3. In England, at the time of the passage of that statute, it was undetermined whether a railroad corporation, without negligence, was liable to a civil action, as at common law, for damages to property of others by fire from its locomotive engines; and the result that it was not so liable was subsequently reached after some conflict of judicial opinion, and only when the acts of Parliament had expressly authorized the corporation to use locomotive engines upon its railroad, and had not declared it to be responsible for such damages.

"4. From the time of the passage of the Massachusetts statute of 1840 to the present time, a period of more than half a century, the validity of that and similar statutes has been constantly upheld in the courts of every State of the Union in which the question has arisen."

The learned justice concludes the opinion with the following statement of the law: "The motives which have induced, and the reasons which justify, the legislation now in question may be summed up thus: Fire, while necessary for many uses of civilized man, is a dangerous, volatile and destructive element, which often escapes in the form of sparks, capable of being wafted afar through the air, and of destroying any combustible property on which they fall; and which, when it has once gained headway, can hardly be arrested or controlled. Railroad corporations, in order the better to carry out the public object of this creation, the sure and prompt transportation of passengers and goods, have been authorized by statute to use locomotive engines propelled by steam generated by fires lighted upon those engines. It is within the authority of the Legislature to make adequate provision for protecting the property of others against loss or injury by sparks from such engines. The right of the citizen not to have his property burned without compensation is no less to be regarded than the right of the corporation to set it on fire. To require the utmost care and diligence of the railroad corporations in taking precautions against the escape of fire from their engines might not afford sufficient protection to the owners of property in the neighborhood of the railroads. When both parties are equally faultless, the Legislature may properly consider it to be just that the duty of insuring private property against loss or injury caused by the use of dangerous instruments should rest upon the railroad company, which employs the instruments and creates the peril for its own profit, rather than upon the owner of the property, who has no control over or interest in those instruments."

The authorities on this subject are collated in 3 Elliott on Railroads, § 1223, where the rule is stated as follows: "Statutes imposing liability for damages on account of fires set out by railway locomotives have been attacked in many of the States where they are in force on the ground that they are unconstitu-

tional, but in all the decisions where the question has directly arisen, so far as we have been able to discover, they have been held constitutional."

None of the decisions of this court conflict with this rule. The case of *Little Rock & Ft. Smith Ry. Co.* v. *Payne,* 33 Ark. 816, which is cited by the appellant in support of its contention, clearly recognizes the validity of such a statute, for the opinion contains the following: "In Massachusetts, by statute, railroad companies are made absolutely liable for injuries by fire communicated from their engines; but, in compensation, are given an insurable interest in any buildings along the route. The courts have sustained this law, but the nature of it is peculiar and exceptional, and the language too clear to admit of doubt." We are of the opinion that the clause in some of the statutes giving the railroad company an insurable interest is not essential to the validity of the statute.

It is contended that the act is void for the reason that it is not confined simply to cases of fire communicated from locomotives operated by railroad companies, but applies to persons operating railroads and also to fire communicated by other methods in the operation of railroads. It is sufficient to say that we have no question presented in this case except that of the validity of the statute as applied to the damage done by fire communicated from a locomotive operated by the railroad corporation. If the statute is void as to persons operating railroads, or as to fire communicated in other methods, that part could be eliminated, and still the statute be valid so as to apply to cases such as this. *Leep* v. *St. Louis, I. M. & S. Ry. Co.,* 58 Ark. 407.

The only other question raised by this appeal is that of the admissibility of the testimony of certain witnesses introduced by the plaintiff. It is contended that the court erred in this respect, because witnesses were allowed to testify as to damages, basing their estimates upon the product of the land, and not upon its market value. Also, that some of the witnesses did not show sufficient knowledge and experience to testify as to the amount of the damage. The court in its instruction limited the amount of recovery to the difference between the market value of the land before it was damaged and afterwards. We are of the opinion that all of the witnesses showed sufficient knowledge of

land similarly situated in that locality to enable them to testify. While it is true that some of them based their opinions upon the estimated yield of fruit of the orchards on the land, the questions propounded were as to the market value, and the jury must have understood from the opinions expressed by the witnesses that they were giving the market value based upon the estimated yield of crop. It was proper to permit the witnesses to state their opinions as to the market value and to give their reasons therefor, so that the jury might determine what force to give to the testimony. It was, after all, a question for the jury to determine under the instructions of the court and upon all the evidence adduced, as to what the difference in the market value was before and after the damage. *Little Rock Junction Ry. Co.* v. *Woodruff,* 49 Ark. 381; *Kansas City S. Ry. Co.* v. *Boles,* 88 Ark. 533.

We find nothing in the record which violates this rule. Therefore no error of the court was committed.

Judgment affirmed.