EVINS *v.* ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

Opinion delivered May 6, 1912.

1. INSTRUCTIONS—FAILURE TO OBJECT.—Ordinarily, the failure to object to an instruction operates as a waiver of any error committed in giving it. (Page 84.)

2. APPEAL AND ERROR—INVITED ERROR.—One may not complain of an erroneous instruction if he has asked an instruction containing the same error. (Page 84.)

3. PLEADING—WAIVER OF OBJECTIONS.—Where a demurrer to a pleading is overruled, the demurrant, by going to trial, waives all objections save

to the court's jurisdiction and to the failure of the pleading to state a cause of action or defense.  (Page 84.)

4. SAME—SUFFICIENCY OF COMPLAINT.—Where the matters alleged in a complaint do not constitute a cause of action, no proof thereof and no instructions relative thereto would justify a recovery.  (Page 84.)

5. SAME—SUFFICIENCY OF ANSWER.—Where the matters alleged in an answer by way of avoidance are insufficient to constitute a defense, no proof thereof and no instructions relative thereto would sustain the defense.  (Page 85.)

6. SAME—DEMURRER—WAIVER.—Where a plaintiff demurred to a plea of contributory negligence and preserved his objection by exception, he did not thereafter waive the objection by going to trial. (Page 85.)

7. RAILROADS—LIABILITY FOR FIRES.—The act of April 2, 1907 (Acts 1907, p. 336), making railroads liable for damages caused by fires, creates an absolute liability for fires caused by locomotives; and no contributory negligence of the owner, short of an act so grossly negligent as to amount to fraud, would constitute a defense.  (Page 86.)

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; reversed.

*E. B. Wall,* for appellant.

1.  The demurrer should have been sustained.  The act under which this suit was brought imposes an absolute liability for the destruction of property by fire, and is constitutional.  89 Ark. 418; 165 U. S. 1; 121 Mo. 298; *Id.* 340; 12 Col. 294; 62 Conn. 340; 16 Gray (Mass.) 71; 145 Mass. 129; 46 Me. 95; 25 L. R. A. 161, 162.  And contributory negligence is not a defense.  2 Col. App. 42; 2 *Id.* 169; 3 Elliott on Railroads, § 1223, and authorities cited.

2.  Instruction 6 given by the court assumes conclusions of fact, invades the province of the jury, and points out inferences to be drawn from particular facts in evidence.  49 Ark. 439; 37 Ark. 592; 43 Ark. 289; 45 Ark. 165; *Id.* 492; Wharton on Negligence, §§ 73, 134.

*W. F. Evans* and *B. R. Davidson,* for appellee.

1.  Since the only instruction given on contributory negligence was at the request of appellant, he can not now be heard to object that the jury may have decided the case upon the theory that he was guilty of contributory negligence. However, the instruction as to contributory negligence was

correct. 126 S. W. 1003; 38 Ark. 357, 369; 49 Ark. 535; Wharton on Neg., 301; 42 Ill. 355.

If Evins was guilty of contributory negligence, he could not assign a greater right than he already possessed, the railroad company having no insurable interest in the property. 93 Wis. 496; 94 Ill. 448; 104 Ill. App. 499; 135 Pa. 50; 71 Kan. 79; 93 Wis. 496.

2. The instruction as to causal connection being broken is correct. 12 L. R. A. (N. S.) 528, note; Pierce on Railroads, § 444; Wharton on Neg., (2 ed.), §§ 866, 867-B; 43 Am. & Eng. R. R. Cas. 57.

FRAUENTHAL, J. This is an action to recover damages for the destruction of a barn by fire, alleged to have originated from a locomotive engine of defendant upon its line of railroad. J. T. Evins was the owner of the barn, and had obtained a policy from the Citizens' Insurance Company insuring it against loss by fire. In said policy it was provided that said insurance company, upon payment of the loss, should be subrogated to all rights of the owner against any wrongdoer through whose wilful or negligent act the loss to the property occurred. It was alleged that the barn was destroyed by fire caused by sparks emitted from a locomotive on one of defendant's freight trains. In pursuance of the provision of said policy, Evins assigned to the insurance company all claim and right of action which he had against defendant by reason of the destruction of his barn by said fire; and this suit was instituted by both the owner and the insurance company as parties plaintiff.

The defendant filed an answer containing two paragraphs. In the first paragraph it denied that the fire which destroyed the barn was caused by sparks emitted from its locomotive; in the second paragraph it pleaded "that said Evins and his family in charge of the barn were guilty of negligence which caused or contributed to cause the alleged injury." The plaintiff thereupon demurred to said second paragraph of the answer upon the ground that it did not state facts sufficient to constitute a defense, and because defendant was estopped by law from pleading contributory negligence as a defense. The demurrer was overruled, and to this action the plaintiffs properly saved

their exception. The plaintiffs then went to trial, which resulted in a verdict in favor of defendant.

The barn was situated from 250 to 300 yards from the defendant's railroad track, and was destroyed by fire on December 25, 1908, about thirty minutes after one of defendant's freight trains passed at this place. The testimony on the part of the plaintiffs tended to prove that, immediately after the train had passed, the grass and undergrowth either upon the right-of-way or next to it was seen to be on fire. A strong wind was blowing towards the barn, and the fire spread in the grass and undergrowth in that direction. From the facts and circumstances adduced upon the trial on the part of plaintiffs, we are of the opinion that there was sufficient evidence to warrant a finding that the fire was started by the defendant's engine and spread to the barn. On the other hand, there was testimony adduced upon the part of the defendant tending to prove that the fire did not originate from the defendant's engine, but was burning in the grass and undergrowth as the train approached this place, and that it originated from the guns of persons hunting in the adjoining woods.

The testimony on the part of the defendant tended further to prove that the barn was situated upon the east side of the railroad track, and the dwelling of Mr. Evins on the west side about one-half mile from the barn. At the time the barn was burned, Mr. Evins was away from his home, and left the premises in charge of his wife and family, consisting, amongst others, of a son about twenty-one years old. From their dwelling, the members of the family discovered the fire in the grass about fifty or one hundred yards from the barn, and the son went immediately and endeavored to put the fire out. He whipped out the flames, and, believing that he had extinguished the fire, he returned to his home. At that time, the end of the fire line was seventy to one hundred and twenty-five feet from the barn. Between the fire line and the barn there was dry grass and leaves, and when he left there was fire in some stumps and dead limbs which the fire had passed over. Shortly after he left, his attention was called to the fact that the barn had caught on fire, and he at once returned to the barn, but was unable to extinguish the fire. It is contended that the son was guilty of negligence

in leaving the fire in the stumps and dry limbs, and in failing to then entirely extinguish it; and that the destruction of the barn was due to this negligence, attributable to the owner, which relieved the defendant of all liability, even though it set out the fire originally.

At the request of plaintiffs, the court gave an instruction stating that the burden was on the defendant to prove contributory negligence upon the part of the plaintiffs as alleged by defendant. Upon its own motion, the court gave the following instruction without any objection made thereto by plaintiffs: "6. The court instructs you that it was the duty of the plaintiffs or those in charge of the property, when the danger was discovered by them, to put out the fire if possible; and if the jury believe that the fire could have been put out and the barn saved by the exercise of ordinary care and diligence upon the part of the plaintiff Evins, or those in charge of the property, you will find for the defendant." At the request of the defendant an instruction was also given relative to the issue of contributory negligence, to which the plaintiffs properly made objection and saved exception to the adverse ruling thereon.

Upon the issue as to whether or not the fire which caused the destruction of the barn was originated by sparks emitted from defendant's engine, we are of the opinion that there was testimony adduced by the respective parties sufficient to warrant a finding in favor of their respective contentions; and that, under the facts and circumstances of the case, it was peculiarly the province of the jury to determine this question of fact. Upon this issue we find that the instructions of the court were free from error.

The sole question for determination, then, is whether or not the court erred in overruling plaintiff's demurrer to the paragraph of the answer setting up the plea of contributory negligence, and in giving the instructions upon the issue presented by that plea. It is urged by counsel for defendant that no error, if any, made in the instruction given by the court of its own motion relative to this issue is subject to review upon this appeal, for the reason that the plaintiffs made no objection and preserved no exception thereto. It is also contended that the plaintiffs waived any error made by the

court in overruling the demurrer to the plea of contributory negligence, and in any instructions given upon the request of the defendant on that issue, because the plaintiffs, after their demurrer had been overruled, went to trial and themselves asked and obtained an instruction upon that issue.

Ordinarily, it is universally held that the failure to object to an instruction operates as a waiver of any error that may be committed in giving it. Likewise, upon the doctrine of invited error, one party can not complain of an alleged erroneous instruction given if he himself has asked an instruction containing the same error. But the reason why it is necessary that an objection should be made to an instruction given by a trial court is to call to its attention the error complained of, so that the trial court may have the opportunity to then correct it. If the error complained of has by proper objection been presented to the trial court for its rulings thereon, and if exception has been duly saved to an adverse ruling, then this is sufficient to preserve for review upon appeal the alleged error in the ruling of the court. When a demurrer has been interposed to a pleading setting forth a cause of action or a defense, and such demurrer is overruled and exception to such ruling duly saved, the demurrant by going to trial waives all objections to such ruling except two: he does not waive objection to the jurisdiction of the court nor to the failure of the pleading to state facts sufficient to constitute a cause of action or of defense. *De Loach Mill Mfg. Co.* v. *Bonner,* 64 Ark. 510; *McIlroy* v. *Buckner,* 35 Ark. 335; *Chapline* v. *Robertson,* 44 Ark. 202; *Fordyce* v. *Merrill,* 49 Ark. 277; *McWhorter* v. *Andrews,* 53 Ark. 307; *Clark* v. *Gramling,* 54 Ark. 525; 6 Enc. Pl. & Pr. 363.

If the matters set forth in the complaint do not constitute a cause of action, then no proof thereof and no instructions relative thereto would justify a recovery. A verdict rendered finding liability thereon would be contrary to law and contrary to the evidence, and would be reviewable by this court for such error upon such grounds being assigned in the motion for new trial. Likewise, if the matters alleged by way of avoidance in an answer are not sufficient to constitute a defense. then proof of such plea and any instructions relative thereto would not be sufficient to sustain a defense. A verdict ren-

dered sustaining such plea as a defense would be contrary to law and contrary to the evidence, and would be reviewable upon appeal in the same manner.

In the second paragraph of its answer, the defendant interposed a plea of contributory negligence on the part of the plaintiff. If, under the law, the facts set up in this paragraph of the answer do not constitute a defense to the cause of action, then the plaintiffs sufficiently raised objection thereto by the demurrer which they interposed, and sufficiently preserved this objection by the exception which they saved to the adverse ruling thereon. By going to trial, the plaintiffs did not waive their objection to the overruling of their demurrer to this plea in the answer. The plaintiffs did no act indicating that they asked or agreed to the trial of the case on the issue made by this plea. They did not object to an instruction given on this issue, and after it was given they did ask for an instruction stating that the burden of proof to establish contributory negligence was upon the defendant. But by this action the plaintiffs only remained passive after the court had ruled adversely upon their demurrer to this plea of the answer and had ordered the trial to proceed. By such passive conduct they did not waive their objection to the adverse ruling made by the court upon their demurrer to the second paragraph of the answer. For, if the facts set up in this second paragraph of the answer presenting the plea of contributory negligence were not sufficient to constitute a defense in law to the action instituted by the plaintiffs, then the testimony establishing those facts could not, under any view of the law, rightfully defeat the plaintiffs of a recovery. It is our opinion, therefore, that the plaintiffs did not by going to trial waive their objection to the action of the court in overruling their demurrer to this plea of contributory negligence on the ground that such plea did not constitute a defense.

The question then to be determined is whether the plea of contributory negligence as made by defendant, or, as such plea may be considered amended to conform to the proof made in the case, was sufficient in law to defeat the plaintiffs of a recovery upon the action instituted by them herein.

The cause of action was founded upon allegations that the defendant is engaged in operating a railroad and, by fire

emitted from its locomotive, caused the destruction of plaintiff's barn. By an act of the Legislature, approved April 2, 1907, it is provided:

"Hereafter all corporations. companies or persons engaged in operating any railroad, wholly or partly in this State, shall be liable for the destruction of or injury to any property, real or personal, which may be caused by fire, or result from any locomotive engine, machinery, train, car or other thing used upon said railroad, or in the operation thereof, or which may result from or be caused by any employee, agent or servant of such corporation, company or person upon or in the operation of such railroad, and the owner of any such property, real or personal, which may be destroyed or injured, may recover all such damage to said property by suit in any court in the county where the damage occurred having jurisdiction of the amount of such damage, and upon the trial of any such action or suit for such damage it shall not be lawful for the defendant in such suit or action to plead or prove as a defense thereto that the fire which caused such injury was not the result of negligence or carelessness upon the part of such defendant, its employees, agents or servants; but in all such actions it shall only be necessary for the owner of such property so injured to prove that the fire which caused or resulted in the injury originated or was caused by the operation of such railroad or resulted from the acts of the employees, agents or servants of such defendant; and if the plaintiff recover in such suit or action, he shall also recover a reasonable attorney's fee, to be ascertained from the evidence in the case by the court or jury trying the same. Provided that the penalty prescribed by section 1 of this act apply only when such employees, agent or servant is in the discharge of his duty as such."

Statutes substantially similar to this have been enacted in various states, and construed by their courts of last resort. By the weight of authority, it has been held that statutes of this character impose not merely *prima facie* liability, but create an absolute liability upon the railroad companies for the damage or injury done by fires set out by their locomotives.

In the case of *St. Louis & S. F. Rd. Co.* v. *Shore*, 89 Ark. 418, this court sustained the constitutionality of the above

enactment, and in doing so founded its decision largely upon the ruling of the Supreme Court of the United States in the case of *St. Louis & S. F. Rd. Co.* v. *Mathews,* 165 U. S. 1, upholding a similar statute of Missouri. This court thereby in effect adopted the construction placed upon the Missouri statute by the Supreme Court of that State. In construing the statute of that State, the Supreme Court of Missouri in the case of *Mathews* v. *St. Louis & S. F. Rd. Co.,* 121 Mo. 298, held that an absolute liability was created by said statute against the railroad company for an injury to property caused by fire set out by its locomotive, and that the railroad company in effect became an insurer against all loss from fire thus caused by it. The question as to whether or not the plaintiff's contributory negligence is a bar to a recovery under statutes of a character somewhat similar to our statute above quoted has arisen in three classes of cases in which the liability imposed upon the railroad company causing the loss has been passed upon by the various courts. The result of these decisions is that, where the liability of the defendant growing out of such injury rests upon the common law, contributory negligence is a defense; but where the liability is by the statute limited, then the company causing the damage can only defeat a recovery upon some defense named by the statute; and where the liability of the railroad company is made absolute by virtue of the statute, then contributory negligence of the plaintiff is no defense. 3 Elliott on Railroads, 1238; and see note to *Peter* v. *Chicago & West Mich. R. Co.,* (Mich.) 46 L. R. A. 224.

Following, then, the construction of the statute of Missouri made by its court of last record, an absolute liability is imposed by virtue of the above statute, and, according to the weight of authority, where such absolute liability is thus created, contributory negligence is no defense to an action brought to enforce such liability. In the case of *Mathews* v. *St. Louis & S. F. Rd. Co. supra,* the Missouri Supreme Court said: "But there is another ground upon which this plea (of contributory negligence) should have been denied, and that is, by virtue of section 2615 the defendant is made an insurer against fire set out by its engines; and it is a familiar rule that contributory negligence short of fraud does not furnish any

defense to an action by the insured on his policy of insurance."

It is true that by the Missouri statute an insurable interest is given to the railroad company in the property along its route; but it was held in the case of *Campbell* v. *Mo. Pac. Ry. Co.*, 121 Mo. 340, that the validity of the Missouri statute imposing absolute liability upon the railroad companies was not dependent upon an insurable interest having been given to the railroad companies in the property along the routes of their roads. And in the case of *St. Louis & S. F. Rd. Co.* v. *Shore, supra*, this court, in applying to the construction of our statute the reasoning in the opinion of the Supreme Court of the United States upholding the Missouri statute, said: "We are of the opinion that the clause in some of the statutes giving the railroad company an insurable interest is not essential to the validity of the statute."

In the case of *Rowell* v. *Railroad*, 57 N. H. 132, the court, in considering a somewhat similar statute, adopted the following rule, which we think is the proper construction to be given to the effect of the above statute of this State: "The liability of the railroad company is made absolute by the statute. No question of care or of negligence is left open. If they throw sparks or fire upon the land of an adjoining owner, they are made responsible. * * * Any fraud, any intentional exposure of property, any act of the owner which would have the effect to avoid a fire policy, should have the same effect in cases of this description." To the same effect see *Bowen* v. *Boston & Albany Rd. Co.*, 179 Mass. 524; *West* v. *Chicago & N. W. Ry. Co.*, 77 Ia. 654; *Union Pac. R. Co.* v. *De Busk*, 12 Col. 294; *Martin* v. *N. Y. & N. E. Rd. Co.*, 62 Conn. 340.

There are cases in this court construing certain statutes of this State imposing liability upon railroad companies for damages done by the running of their trains to property and persons (Kirby's Digest, § 6773), and for failure to keep a lookout (Kirby's Digest, § 6607). In these cases it has been held that the effect of such statutes was only to make out a *prima facie* case of negligence upon proof of the injury, and that it was perfectly competent for the railroad company to give evidence rebutting the presumption of such negligence. Under those statutes, the question of negligence was held to be still open to proof, and the existence of negligence upon the

part of the railroad company was necessary to create liability; it was therefore also held in those cases that contributory negligence would be a bar to actions under said statutes. *St. Louis, I. M. & S. Ry. Co.* v. *Hecht,* 38 Ark. 357; *Tilley* v. *St. Louis & S. F. Ry. Co.,* 49 Ark. 535; *Sherman* v. *Chicago, R. I. & P. Ry. Co.,* 93 Ark. 27.

These causes, however, can have no application to the above statute, because under this statute no question of negligence or of care upon the part of the railroad company setting out the fire is left open. The liability of the company is made absolute, and therefore contributory negligence short of an act so grossly negligent as to amount to fraud would constitute no defense. It follows, therefore, that neither the allegations of contributory negligence which were set up in the second paragraph of the answer, nor any additional allegations which could have been made to conform to any view of the proof presented by the testimony upon the trial, constituted any defense to the action herein. The court erred, therefore, in overruling the demurrer of the plaintiffs to the second paragraph of the defendant's answer. For this error, the judgment is reversed, and this cause is remanded for a new trial.