Valley Lumber Company *v.* Westmoreland Brothers.

Opinion delivered June 18, 1923.

1. Railroads—liability for damages by fire.—Crawford & Moses' Digest, § 8569, making railroad companies liable for the destruction of or injury to property caused by fire resulting from the operation of such railroads, is valid.

2. Railroads—definition.—The term "railroad" in Crawford & Moses' Digest, § 8569, refers only to railroads that are operated by corporations, companies or individuals as common carriers.

3. Negligence—loss by fire.—In the absence of a statute, a private owner of property on whose premises a fire is accidentally started, or who sets out fire on his own premises for a lawful purpose, is not liable for the damages caused thereby unless the fire was started or allowed to spread through negligence.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; reversed.

*Gaughan & Sifford* and *R. P. Hamby,* for appellant.

The statute, C. & M. Digest, § 8569, fixing a liability against railroads for damages caused by fire from operation of trains, only applies to railroads operated as common carriers and not to corporations or persons operating railroads in connection with their industrial business or enterprises. Our court expressed doubt as to validity of this statute with respect to persons other than chartered railroad corporations. *Ry.* v. *Shore,* 89 Ark. 423. *Held* classification of such roads, carriers, for such regulation not unreasonable. 186 F'ed. 139. If statute applicable to railroads not common carriers it is unconstitutional. Court erred in refusing to allow defendant to plead gross contributory negligence on part of plaintiff. Defendant's proper instruction No. 5 on this point was erroneously refused by the court. 121 Ark. 585. Court erred in refusing to give defendant's requested instruction No. 9. 132 Ark. 257. Section 85, C. & M. Digest, not applicable because of the contractual relationship between the parties. 97 Ark. 287; note 16 A. L. R. 304; 54 Pac. 553. 13 N. E. (Mass.) 370, construes a similar statute. Court erred in its instructions relative to question of notice posted by defendant and in giving No. 2. 145 Ark. 306; 23 Ark. 735; 58 Ark. 84; 58 Ark. 446. Verdict of the jury is contrary to the evidence, and excessive.

*Tompkins, McRae & Tompkins,* for appellees.

The agreement relieving the appellant from liability for damage to staves by fire was made after the fire destroyed the staves herein. The statute is constitutional. 89 Ark. 418; 16 Ann. Cas. 939, note. All parties liable at common law absolutely for damage caused by fire escaping from their premises. 3 L. R. A. 350; 165 U. S. 1; 11 R. C. L. 940; note 21 L. R. A. 255. It is true this common-law rule was never followed in this State, but the statute reenacting it is valid. No improper classifi-

cation by this statute. 49 Ark. 291; 58 Ark 407. Classification reasonable. 127 U. S. 205; 170 U. S. 283; 60 L. R. A. 308; 68 L. R. A. 622; 14 L. R. A. (N. S.) 418; 175 U. S. 348; Am. Cas. 1918-A, 627 (Ind.). State reserved authority to amend charters, and could have provided for this liability. 87 Ark. 587. The evidence fully sustains the verdict, and the court properly refused to give defendant's requested instruction No. 9. *Clark* v. *Ry.*, cited by appellant, is an authority against rather than for its position. There was no contractual relation that would defeat a recovery under statute. Case of 97 Ark. 287 not in point. 142 Ark. 41; 101 Ark. 75. No abuse of discretion to refuse to allow appellant to amend its answer. 120 Ark. 595; 104 Ark. 276. Jury was properly instructed on question relative to the notices.

*Gaughan & Sifford* and *R. P. Hamby,* in reply.

The statute cannot be upheld under police power of the State. 18 L. R. A. 440. The rule of law in force prior to passage of statute should apply in this case, under which negligence was a prerequisite to recovery. There was a contractual relation between the parties. 60 Ark. 333. In 142 Ark. 41 the question of relationship of the parties was not undisputed, as herein.

WOOD, J. Westmoreland Brothers, hereafter called appellees, were a partnership engaged in the manufacture of staves in Nevada County. The Arkadelphia Milling Company had advanced money to the appellees on the staves manufactured by them. The Valley Lumber Company, hereafter called the appellant, is a domestic corporation which operated a sawmill at Reeder, in Ouachita County, Arkansas, and it operated a logging road extending from its mill into Nevada County. The appellant was not a common carrier and did not maintain any published tariffs, but handled shipments of freight by special contract with the shippers. The appellees entered into an agreement with the manager of the appellant that the appellees would put their staves

along appellant's right-of-way, on which a spur track was afterwards located. The appellees began to place their staves on this right-of-way some time in September or October, 1919. On account of unusual conditions the appellant was unable to haul them out at that time, and because of unfavorable logging conditions appellant abandoned operations on its spur until August, 1920. About ten days after it started operating again the staves were destroyed by fire.

In December, 1921, appellees instituted this action against the appellant. They alleged, in substance, that the appellant, in operating its locomotive and engine over its line of railroad in Nevada County, set out fire which resulted in the burning of 76,400 staves stacked along the right-of-way of appellant, to appellees' damage in the sum of $6,122, for which they prayed judgment.

The appellant, in its answer, denied that it had destroyed the staves of the appellees; denied that the staves were stacked along its right-of-way with the knowledge and consent of the appellant. The appellant alleged that the appellees were relying on § 8569 of Crawford & Moses' Digest, which is set out at length in its answer, and set up that the appellant was not liable under this section of the statute, for the reason that to apply the statute would have the effect of depriving it of its property without due process of law and to deny it equal protection of the law. Appellant denied that the fire was caused by the carelessness of its agents or servants. It denied that the appellees were damaged as alleged in their complaint.

The testimony on behalf of the appellees tended to prove that the staves in controversy, which had been placed by the appellees on appellant's right-of-way, with the knowledge and consent of appellant, were destroyed by fire set out by a locomotive that was being operated by employees of the appellant. The court, at the request of the appellees, in instruction No. 1, in substance told the jury that, if the appellees placed their staves

upon appellant's right-of-way with the consent of the appellant and under an agreement with appellant that it was to transport the same to Reeder, and if the staves were destroyed by fire set out by a locomotive of appellant, the appellant would be liable. The court refused to grant appellant's prayer for instruction No. 7, which, in effect, told the jury that the appellees would not be entitled to recover unless the appellant was guilty of negligence in regard to the equipment or operation of the locomotive. The trial resulted in a judgment in favor of the appellees, from which is this appeal.

The first question for our consideration is whether or not the appellant is liable under § 8569 of C. & M. Digest, which is as follows: "All corporations, companies or persons, engaged in operating any railroad wholly or partly in this State, shall be liable for the destruction of, or injury to, any property, real or personal, which may be caused by fire, or result from any locomotive, engine, machinery, train, car, or other thing used upon said railroad, or in the operation thereof, or which may result from, or be caused by, any employee, agent or servant of such corporation, company or person, upon or in the operation of such railroad, and the owner of any such property, real or personal, which may be destroyed or injured, may recover all such damage to said property by suit in any court in the county where the damage occurred, having jurisdiction of the amount of such damage, and, upon the trial of any such action or suit for such damage, it shall not be lawful for the defendant in such suit or action to plead or prove as a defense thereto that the fire which caused such injury was not the result of negligence or carelessness upon the part of such defendant, its employees, agents or servants; but in all such actions it shall only be necessary for the owner of such property so injured to prove that the fire which caused or resulted in the injury originated or was caused by the operation of such railroad, or resulted from the acts of the employees, agents or servants of

such defendant, and if the plaintiff recover in such suit or action, he shall also recover a reasonable attorney's fee, to be ascertained from the evidence in the case by the court or jury trying the same. Provided, that the penalty prescribed by this section shall apply only when such employee, agent or servant is in the discharge of his duty as such.''

This statute was upheld as to railroad corporations in the case of *St. Louis & S. F. Ry. Co.* v. *Shore,* 89 Ark 418.  See also *Evins* v. *St. Louis & S. F. Rd. Co.,* 104 Ark. 79; *Kansas City So. Ry. Co.* v. *Harris,* 105 Ark. 374; *Cairo, T. & S. Rd. Co.* v. *Brooks,* 112 Ark. 298; *St. Louis, I. M. & S. Ry. Co.* v. *Ross,* 120 Ark. 595; *Union S. & F. Co.* v. *St. Louis, I. M. & S. Ry. Co.,* 121 Ark. 585, and exhaustive note to *St. Louis & S. F. Rd. Co.* v. *Shore, supra,* 16 A. & E. Ann. Cases, 941.   Learned counsel for appellant contend that the statute was held valid as to railroad corporations because they are chartered as common carriers for hire, and have certain privileges by virtue of their charter, such as eminent domain, etc.; that the statute is unconstitutional and void when applied to corporations, companies and persons which own and operate railroads, not as common carriers, but in connection with the industrial business or enterprises for which they are incorporated, or which they conduct as unincorporated companies, or as individuals.  Counsel for appellant are correct in this contention.

In *St. Louis & S. F. Rd. Co.* v. *Shore, supra,* we followed the doctrine announced in *St. Louis & S. F. R. Co.* v. *Matthews,* 165 U. S. 1.   The Supreme Court of the United States in that case had under review a statute of Missouri which made each railroad corporation owning or operating a railroad in that State responsible in damages to every person or corporation whose property might be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by

such railroad corporation. The act defined the term "railroad corporation" to mean "all corporations, companies and individuals now owning or operating, or which may hereafter own or operate, any railroad in this State." The Supreme Court of the United States, in a learned and exhaustive opinion by Mr. Justice GRAY, held that the act was a valid exercise of the legislative power, and did not deprive the railroad company of its property without due process of law, or deny to it the equal protection of the law. The acts of Parliament and the statutes of various States are reviewed in which railroads are made liable for the destruction of property caused by their locomotives. The authorities and the reasoning of the court show that the doctrine upon which such statutes are declared valid is that railroad corporations are common carriers, which, under their charter powers, have the right of eminent domain, that is, the right to take the lands of others for the purpose of operating a railroad in the transportation of freight and passengers for the profit of the railroad corporation. Because of this unusual privilege, as well as the dangerous character of the agency which they operate, they can be justly classified and made to bear the burdens of the extraordinary risks to which they subject the property of others.

As was said in *Grissell* v. *Housatonic Rd.*, 54 Conn. 561-462, one of the cases quoted by Mr. Justice GRAY, in *St. Louis & S. F. Rd. Co.* v. *Matthews, supra*: "It it confined to them, because they alone have the privilege of taking a narrow strip of land from each owner, without his consent, along the route selected for the track, and of traversing the same at all hours of the day and night, and at all seasons, whether wet or dry, with locomotive engines that scatter fire along the margin of the land not taken, thereby subjecting all combustible property to extraordinary hazard of loss, and that, too, for the sole profit of the corporation."

The term "railroad" used in our statute refers to railroads that are operated by corporations, companies or individuals as common carriers in the State of Arkansas. A legislative classification which makes corporations, companies or individuals operating any locomotive, engine, etc., upon railroads that are operated as common carriers absolutely liable for destruction of property by fire is just and reasonable. Because the operation of their railroad is devoted in part, at least, to the use of the public, and the manner of its use so nearly approximates the operation of chartered railroads as to bring them within the same classification.

It will be observed that the statute makes such corporations, companies or individuals liable for the destruction of property by fire caused by any employee, agent or servant of such corporation, company or individual, upon or in the operation of such railroad, and that, in actions by the owner for damage, it is only necessary for him to prove that the fire which caused or resulted in the injury originated or was caused by the operation of such railroad, or resulted from the acts of the employees, agents or servants of such defendant. The act makes it unnecessary, in such cases, for the plaintiff to prove negligence on the part of the defendant, and makes it unlawful for the defendant to set up negligence in the defense. The general rule in this country, as well as in England, now is that, in the absence of a statute, a private owner of property on whose premises a fire is accidentally started, or who sets out fire on his own premises for a lawful purpose, is not liable for the damages caused thereby to the property of another, unless the fire was started, or allowed to spread, through negligence. See *McNally* v. *Colwell,* 91 Mich. 527, 30 Am. St. Rep. 494, case note 501; *Weitzman* v. *Barber Asphalt Co.,* 123 Am. St. Rep. 560, case note 576; 11 R. C. L. 940, and numerous authorities cited in note 6.

It is well established that the Legislature, in the exercise of the police power of the State in the regulation and control of the use of dangerous agencies which may cause the destruction of property, may classify corporations, companies and individuals who own and use such agencies and impose upon them certain liabilities and restrictions. Such legislation is valid so long as the classification is not arbitrary, unreasonable and discriminatory. The dangerous character of steam and the use of locomotives by railroad corporations chartered as such, or corporations, companies or individuals operating railroads as common carriers, though not chartered, places them all in the category where they may be classified and subjected to such special legislation as that provided in § 8569, *supra. St. Louis & S. F. Rd. Co.* v. *Shore, supra; Pittsburgh, etc., Ry. Co.* v. *Chappell,* 183 Ind. 141, Ann. Cases, 1918-A, 627, and note; *Tullis* v. *Lake Erie & W. Rd. Co.,* 175 U. S. 348; *Missouri Pac. Ry. Co.* v. *Mackay,* 127 U. S. 205.

But it occurs to us that the act under review, if applied to corporations, companies or persons which only operate a railroad in connection with their business or industrial enterprises, and not as a railroad corporation, or as a common carrier, would be unreasonable, discriminatory, arbitrary, and therefore invalid. Corporations, companies or individuals operating locomotives and trains over railroads which are not chartered, or which do not operate their railroads as common carriers, cannot be classified as railroad corporations, and do not come within the purview of this statute. As we have seen, this statute was leveled wholly at railroad corporations, or corporations, companies or individuals operating railroads as common carriers. Corporations, companies or persons which do not have the charter powers of railroad corporations, or which do not operate their railroads as common carriers, cannot be embraced in the same class with railroad corporations or common carriers by railroads, because they do not have the same

privileges and burdens under the law and do not oper-
ate their railroads under the same conditions. See *Pres-
son* v. *Vail Cooperage Co.,* 155 Ark. 424. We do
not perceive why such corporations, companies or
persons could or should be subjected to greater
liabilities than hundreds of other corporations, com-
panies and individuals which in the prosecution of their
business use fire, steam, and other dangerous agencies,
but who, under the general rule of law, are only made
liable for the damages caused through their negligence.

It follows from what we have said that the court
erred in granting appellee's prayer for instruction No. 1
and in refusing appellant's prayer for instruction No.
*7. The cause was therefore sent to the jury upon an
erroneous theory. We find no other reversible errors
in the record. For the errors indicated the judgment is
reversed, and the cause is remanded for a new trial.

Mr. Justice HART dissents.