CROWLEY, Respondent, *v.* POLLEYS LUMBER CO., Appellant.

(No. 6,906.)

(Submitted March 14, 1932. Decided March 28, 1932.)

[9 Pac. (2d) 1068.]

28

*Mr. Harry H. Parsons* and *Mr. E. C. Kurtz*, for Appellant.

*Mr. A. S. Ainsworth*, for Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The cause of action is predicated upon a fire loss sustained by plaintiff, as will presently appear.

In the first paragraph of the complaint plaintiff alleges that defendant was and is a corporation engaged in the lumbering business in Sanders county, Montana, and during the period mentioned in the complaint was operating a logging railroad in that county.

It is alleged that the month of July, 1930, was exceptionally dry and the fire hazard was great, and ordinary care and prudence required of defendant that in the operation of its logging railroad it use and exercise every reasonable precaution against fires being set or started along its right of way from the operation of the engines upon the railroad, such as burning the grass and weeds along its right of way, using spark-arresters upon its engines, and patrolling its right of way after the logging train had passed along the right of way. That defendant on or prior to July 15, 1930, negligently permitted dry grass and other combustible material to accumulate and remain along its right of way adjacent to or near the premises of plaintiff, and on the 15th of July, 1930, negligently failed to have the right of way patrolled so as to try to avoid the setting of fires along or adjacent to the right

of way, from the engines operating upon the right of way, and negligently used and operated engines of ancient origin and such as emitted sparks and live coals along the right of way, and negligently failed to watch for fires that might start from the engine, and carelessly and negligently allowed burning coals, live sparks and fire to be thrown or dropped from the engine so that the same set fire to the dry grass and other material upon and adjacent to its right of way, and negligently and carelessly suffered the fire to escape from its right of way or adjacent thereto, and to spread upon plaintiff's premises to her damage in the sum of $1,600.

The answer was in effect a general denial. The jury returned a verdict in plaintiff's favor for $650. Judgment having been entered on the verdict, defendant caused a bill of exceptions to be settled and appealed from the judgment.

At the time of the fire the defendant corporation was engaged in the lumbering business, and the engine was used to convey its logging train back and forth from the woods to the Northern Pacific right of way. Defendant's right of way varied in width from ten or twelve feet to forty or fifty feet, depending upon the amount of land required to construct and operate the railroad. Defendant had not operated its railroad during April, May and June, 1930. It started in July, and brought down the first load of logs July 5. On July 1 defendant gave the engineer a crew of eight men to cut the grass from the track. This crew, with shovels, cut the grass growing between the ties and threw it away from the track.

There was not any evidence whatever of negligent use or operation of the engine. On the contrary, plaintiff's own evidence showed that it was a Heidler logging engine, a geared engine. Plaintiff's witness said: "It was an up to date engine. There is not a late improvement or fire arrester at all that wasn't put on that engine. * * * This logging locomotive had the Hisler spark arrester, and I believe that is the finest equipment of that kind. There was no defect in that machine from that standpoint at that time, and I don't know of anything in the operation of it that wasn't of the

very highest thing of the kind. I don't know of anything in any way that any man connected with that company did that was in the slightest degree negligent or careless. As a matter of fact, we used extraordinary care and caution in that regard.''

Defendant patrolled the track on the day of the fire.

We shall not stop to discuss the question whether the evidence is sufficient to justify the verdict. Enough has been said to show the materiality of the court's instruction No. 3 to the integrity of the verdict and judgment. That instruction, given over objection, is based upon section 6551, Revised Codes of 1921, which reads as follows: ''It shall be the duty of all railroad corporations or railroad companies operating any railroad within this state to keep their railroad track, and either side thereof, for a distance of one hundred feet on each side of the track or roadbed, so far as it passes through any portion of this state, free from dead grass, weeds, or any dangerous or combustible material; and any railroad company or corporation failing to keep its railroad track and each side thereof free as above specified, shall be liable for any damages which may occur from fire emanating from operating such railroad, and neglect to comply with the provisions of this section in keeping free any railroad·track, and either side for a distance equal to the space of ground covered by the grant of the right of way for the railroad corporation or company, shall be prima facie evidence of negligence on the part of any such railroad corporation or company. But no railroad corporation or company shall be required to keep free as above specified any land not a part of its right of way.''

Evidently the trial court was of the opinion that this statute applies to logging railroads as well as to railroads in general. Here the court erred. Defendant was not and is not a railroad corporation or railroad company. The statute refers only to railroads which are common carriers, transporting passengers and freight for hire. The language employed by the legislature in framing the statute makes this plain. The law does not require any construction; it construes itself.

We think counsel for defendant is justified in saying: "It should not require the citation of authorities to convince anyone that the foregoing section with its drastic provisions as to what shall make up a prima facie case of actionable negligence has not and cannot have any application to logging roads."

We find the courts generally in accord with our opinion. It is said in Corpus Juris (51 C. J. 409) that a company organized to carry on another business, but which operates a tram road, or railroad merely in connection with, and for the purpose of, its own business, and not as a transportation business for the public generally, is ordinarily not properly designated a railroad company, or included within the term. This text is supported by *Arnold Lumber Co.* v. *Carter*, 91 Fla. 548, 46 A. L. R. 1068, 108 South. 815, 819, wherein the court said: "A corporation or company engaged in the operation of a sawmill, and operating as an incident to such business an ordinary log road or tram road for the sole purpose of transporting logs from the forest to the mills, is not a 'railroad company' within the provisions of sections 4964-4966, Rev. Gen. Stat. 1920. In an action to recover for injuries caused by the running of trains over such a log road or tram road, the presumption of negligence prescribed by section 4964, supra, does not apply, but recovery must be had under the rule that the burden of proving negligence is upon him who alleges it."

In *Sisk* v. *White Oak Lumber Co.*, (D. C.) 14 Fed. (2d) 552, 553, the court said: "Unless good reason exists for a different construction, it is a canon of statutory construction that the words of a statute are to be given their commonly accepted meaning. In common usage, lumber companies, mining companies, and quarry companies, which operate railroads as incidental to their chief business, are not referred to as railroad companies. A 'railroad company,' in ordinary usage, is a company which is principally engaged in operating a railroad."

The supreme court of Arkansas, having under consideration the applicability of the statute making railroads liable for

.damage by fire from railroad operation, irrespective of negligence, held that it is not applicable to corporations, companies and persons owning railroads, not as common carriers, but only in connection with industrial business or enterprises conducted by them, for the term "railroad," as used in the statute, refers to railroads operated as common carriers in the state of Arkansas. The court said: "Corporations, companies, or persons which do not have the charter powers of railroad corporations, or which do not operate their railroads as common carriers, cannot be embraced in the same class with railroad corporations or common carriers by railroads, because they do not have the same privileges and burdens under the law, and do not operate their railroads under the same conditions. (See *Presson* v. *Vail Cooperage Co.*, 155 Ark. 424, 245 S. W. 14.) We do not perceive why such corporations, companies, or persons could or should be subject to greater liabilities than hundreds of other corporations, companies, and individuals which, in the prosecution of their business, use fire, steam, and other dangerous agencies, but who under the general rule of law are only made liable for the damages caused through their negligence." (*Valley Lumber Co.* v. *Westmoreland Bros.*, 159 Ark. 484, 252 S. W. 609, 611. And see *Denver & R. G. R. Co.* v. *Bolognese*, 45 Utah, 65, 143 Pac. 129; *Taylor* v. *Prairie Pebble Phosphate Co.*, 61 Fla. 455, 54 South. 904; *Bradford Construction Co.* v. *Heflin*, 88 Miss. 314, 8 Ann. Cas. 1077, 12 L. R. A. (n. s.) 1040, 42 South. 174; *New Deemer Mfg. Co.* v. *Kilpatrick*, 129 Miss. 268, 92 South. 71.)

The defendant's logging railroad is not a public utility. If it were it would be under the regulating power of the state board of railroad commissioners. Section 3793, Revised Codes of 1921, which is a part of Chapter 257, prescribing the powers and duties of that board, contains this definition: "The word 'railroad,' whenever used in this Act, shall be held to mean and include railroad companies, express companies, car companies, sleeping-car companies, freight and freight-line companies, and all common carriers."

Plaintiff relies upon *Regan* v. *Montana Logging Co.*, 53 Mont. 153, 162 Pac. 388, 389, which was an action for personal

injuries sustained by a person during the course of his employment upon a logging railroad. This court there had under consideration the question whether the logging railroad described in the complaint is a "railroad" within the meaning of Chapter 29, Laws of 1911, now section 6605, Revised Codes of 1921, which declares that every person or corporation operating a railroad in this state shall be liable in damages to any person suffering injury while he is employed by such person or corporation so operating any such railroad. It was held, correctly, that the logging railroad being operated by the defendant was a "railroad" within the meaning of that statute. The legislative intention is clear; it includes "every person or corporation operating a railroad." It was designed to protect the interests of employees, and those dependent upon them, if injured in the operation of a railroad. The first statute, section 6551, includes within its scope only "commercial railroads," common carriers, while the second, 6605, includes commercial railroads and also those "the primary purpose of which is use in connection with a private business or enterprise." (*Regan* v. *Montana Logging Co.*, supra.)

Section 6551 makes the railroad companies to which it applies responsible for the injury caused by any fire which is started by their engines or trains without regard to negligence. This legislation is a radical change from common-law principles, and as said in *Sisk* v. *White Oak Lumber Co.*, supra, such a radical and far-reaching change should be wrought only by language so clear and plain as to show unmistakable evidence of legislative intention.

We conclude that section 6551 does not apply to a logging railroad used in connection with the industrial enterprise of its owner, and plaintiff's recovery must be had, if at all, "under the rule that the burden of proving negligence is upon him who alleges it." (*Arnold Lumber Co.* v. *Carter,* supra.)

The judgment is reversed and the cause remanded to the district court of Sanders county for a new trial.

ASSOCIATE JUSTICES GALEN, FORD, ANGSTMAN and MATTHEWS concur.